IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                      No. 2:06-cr-2403 RB

GLENN DELL COOK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Glenn Dell Cook's Motion for Reduction in Sentence. (Doc. 795.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED**, or in the alternative, **DENIED**.

**I.  Background**

On March 8, 2011, Cook pled guilty to a five-count Indictment charging: (1) conspiracy to retaliate against a witness, victim, or informant in violation of 18 U.S.C. § 1513(e); (2) retaliating against a witness, victim, or informant and aiding and abetting in violation of 18 U.S.C. § 1513(a)(1)(B) and 18 U.S.C. § 2; (3) conspiracy to tamper with a witness, victim, or informant in violation of 18 U.S.C. § 1512(k); (4) tampering with a witness, victim, or informant and aiding and abetting in violation of 18 U.S.C. § 1512(a)(1)(A) and (C) and 18 U.S.C. § 2; and (5) killing a person aiding a federal investigation and aiding and abetting in violation of 18 U.S.C. § 1121(a)(2) and 18 U.S.C. § 2. (*See* Docs. 631; 644.) On March 14, 2023, the Court sentenced Cook to 292 months. (*See* Docs. 769; 771; 775.) The Court ordered the sentence to run concurrently to a sentence Cook was already serving related to federal drug charges in 2:04-cr-2395. (*See* Doc. 775 at 3.)

Cook has served approximately 19 years, and his anticipated release date is October 26, 2031. (*See* Doc. 798-1 at 4.) *See also* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 6, 2023). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to reduce his sentence. (Doc. 795.) He argues that a reduction is warranted due to his rehabilitation and changed moral character (*see id.* at 8–15), that his sentence is "10 years longer than what this Court ordered and intended[,]" (*id.* at 15–18), and that a reduction is appropriate due to certain medical issues he is experiencing, especially given the COVID-19 pandemic (*id.* at 18–23).

II.     **Discussion**

   A.     **Cook failed to exhaust.**

Cook seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Cook attaches to his motion a letter that he allegedly sent to the warden of FCI Florence on January 20, 2023. (Doc. 795-5.) The United States submits a declaration from Kevin Fales, Deputy Case Management Coordinator for FCI Florence. (Doc 798-2.) Fales attests that he is responsible for compassionate release requests, and he can find no record that Cook ever properly

submitted such a request. (*See id.* ¶¶ 2, 4.) It is, therefore, the United States' position that Cook failed to properly exhaust. (*See* Doc. 795 at 4.) Although Cook disagrees with the United States' argument on this point (*see* Doc. 804 at 1–2), he fails to submit any evidence to show that his request was properly submitted to or received by FCI Florence. Thus, Cook fails to show that he exhausted his request, and the Court will dismiss his motion for lack of exhaustion.

**B.     The Court otherwise denies the motion.**

Even if the Court did not dismiss Cook's motion for failure to exhaust, it would deny it on the record. The Court turns first to Cook's contention that release is warranted due to his health issues and the COVID-19 pandemic.

**1.     Cook's medical concerns do not warrant a reduction.**

Cook asserts that he "has a urinary stricture which has caused him" pain and problems urinating. (Doc. 795 at 19.) Cook has had "numerous" unsuccessful operations and now uses a catheter to urinate. (*Id.* at 19–20.) He asserts that over a year ago, his physician recommended another surgery to remove scar tissue, but the BOP has not yet provided the surgery. (*Id.* at 19.) He believes that he can provide better care for himself if he is released. (*Id.* at 20–21.) Cook also argues that the COVID-19 pandemic warrants a sentence reduction. (*See id.* at 22–23.)

Cook's argument is unavailing. First, with respect to his pandemic-related concerns, it appears that FCI Florence currently has no positive cases. *See* BOP COVID-19 Statistics, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Sept. 6, 2023). Moreover, Cook has received two doses of the Pfizer COVID-19 vaccination and is thus fully vaccinated.[1] (*See* Doc. 798-4.) Finally, Cook does not demonstrate that he suffers from a medical condition that the CDC recognizes as one that increases the chance of severe illness from COVID-19. *See* People

---

[1] Cook refused the COVID-19 Moderna booster in 2022. (Doc. 798-4 at 2.)

with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023). Moreover, although he has not obtained the recommended surgery yet, the Government argues that Cook "is receiving appropriate care to manage his condition" including "necessary medical care and equipment to function in a correctional setting." (Doc. 798 at 15.) Cook does not reply to this assertion. (*See* Doc. 804.)

The Court sides with the Government. Cook has not demonstrated that he "suffer[s] from a serious physical or medical condition . . . that substantially diminishes his ability . . . to provide self-care within the . . . correctional facility and from which . . . he is not expected to recover." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(A)(ii)(I). The Court alternatively denies Cook's motion on the merits on this issue.

> **2.     Cook's argument regarding sentence computation is not properly before the Court.**

Cook next argues that the BOP has not accurately calculated his sentence, which should run concurrently with the sentence in the 2004 drug case. (*See* Doc. 798 at 4–5.) The Government asserts that "Cook's challenge to his pre-sentence confinement credit should be challenged by way of a 28 U.S.C. § 2241 petition filed in the district of confinement." (Doc. 798 at 10.) The Court agrees. Here, Cook challenges the BOP's construction and execution of his sentence. (*See* Doc. 795 at 4–5.) Section 2241 is the proper "vehicle . . . for attacking the execution of a sentence." *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citation omitted). Jurisdiction for claims made under § 2241 lies only in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Cook is confined in FCI Florence, which is located in Florence, Colorado. *See* FCI Florence, https://www.bop.gov/locations/institutions/flf/ (last visited Sept. 6, 2023.). Consequently, Cook's

4

motion regarding the execution of his sentence is not properly before this Court and must be dismissed for lack of jurisdiction.

### 3. Other factors weigh against a reduction.

Finally, Cook argues that his rehabilitation and the change in his character warrant a sentence reduction. (*See* Doc. 795 at 8–11.) Cook outlines his education while incarcerated—he has earned his GED and has completed numerous courses that will improve his chances of a successful transition once he is released. (*See id.* at 9; *see also* Doc. 795-3.) Moreover, Cook serves as a mentor to other men in his facility and remains in close contact with his family. (*See* Docs. 795 at 8–9; 796.) The Court commends Cook for the hard work he has done and encourages him to continue in the time he has before he is released. Still, even if the Court had found extraordinary and compelling circumstances warranted a sentence reduction in this matter, the Court would deny Cook's motion after examining the factors set forth in 18 U.S.C. § 3553(a).

Section 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2). Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

>(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Section 3142 requires courts to consider:

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>(2) the weight of the evidence against the person;
>(3) the history and characteristics of the person, including--
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Cook's criminal history, including the 2004 murder in this case, various drug counts in the 2004 case, and two state drug felonies, are evidence of the danger Cook would pose were he to receive a sentence reduction. (*See* Doc. 798 at 16–17.) The Court notes other arrests from Cook's Presentence Report, including battery, vehicle theft, possession, and driving with a suspended license. (*See* PSR ¶¶ 38–44.) The murder charge underlying Cook's sentence here, coupled with his serious criminal history, weigh against a sentence reduction. The

6

Court would alternatively deny Cook's motion for a sentence reduction on the merits upon weighing the § 3553(a) factors.

**THEREFORE**,

**IT IS ORDERED** that Cook's Motion for Reduction in Sentence (Doc. 795) is **DISMISSED** in part for failure to exhaust and for lack of jurisdiction; it is alternatively **DENIED** as outlined in this opinion.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE