IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   No. 2:06-cr-2403 RB

GLENN DELL COOK,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Glenn Dell Cook's Motion for Reduction in Sentence. (Doc. 809.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED in part** and **DISMISSED in part**.

**I.  Background**

On March 8, 2011, Cook pleaded guilty to a five-count Indictment charging: (1) conspiracy to retaliate against a witness, victim, or informant in violation of 18 U.S.C. § 1513(e); (2) retaliating against a witness, victim, or informant and aiding and abetting in violation of 18 U.S.C. § 1513(a)(1)(B) and 18 U.S.C. § 2; (3) conspiracy to tamper with a witness, victim, or informant in violation of 18 U.S.C. § 1512(k); (4) tampering with a witness, victim, or informant and aiding and abetting in violation of 18 U.S.C. § 1512(a)(1)(A) and (C) and 18 U.S.C. § 2; and (5) killing a person aiding a federal investigation and aiding and abetting in violation of 18 U.S.C. § 1121(a)(2) and 18 U.S.C. § 2. (*See* Docs. 631; 644.)

The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 40. (PSR ¶ 36.) Based on Cook's prior convictions, the USPO calculated a criminal history score of 13, which included two additional status points under U.S.S.G. § 4A1.1(d) because he committed the offense while under a criminal justice sentence. (*Id.* ¶¶ 45–46.) Cook's criminal history score resulted in a criminal history category of VI and a guideline imprisonment range of 360 months to life. (*Id.* ¶¶ 46, 77.)

On March 14, 2023, the Court sentenced Cook to 292 months. (*See* Docs. 769; 771; 775.) Cook's anticipated release date is October 26, 2030. *See also* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2024).

Since he was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Cook, acting pro se, now asks the Court to grant him compassionate release under §3582(c)(2) and/or to reduce his sentence pursuant to Amendment 821. (Docs. 809; 813.) The Federal Public Defender declined to file a motion on Cook's behalf, and the United States opposes the motion. (Docs. 811–12.)

II.     **Discussion**

   A.     **Cook fails to establish a basis to grant compassionate release.**

Cook seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132

2

Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). The United States acknowledges that Cook has exhausted his administrative remedies. (Doc. 811 at 3.)

Cook asserts that extraordinary and compelling reasons for a sentence reduction exist for two reasons: (1) the COVID-19 pandemic; (2) he received an unusually long sentence; (3) disparities in sentencing. (*See* Doc. 809 at 5–16.) The Sentencing Commission's policy statement on compassionate release lists six categories of extraordinary and compelling reasons that may support a sentence reduction. *See* U.S.S.G. §§ 1B1.13(b)(1)–(6). They include: (1) medical circumstances; (2) old age; (3) family circumstances; (4) abuse; (5) other reasons; (6) unusually long sentence. *See id.*

Cook first argues that the "extremely restrictive conditions required by the COVID-19 pandemic" warrant a sentence reduction. (Doc. 809 at 5.) These conditions include, for example, extended lockdowns, cold food, and inadequate cleaning supplies. (*See id.*) Although the Court is sympathetic to the conditions Cook must endure, Cook fails to establish that these circumstances are extraordinary and compelling.

Cook next argues that he received an unusually long sentence and that if he were sentenced today, he would not be subject to a mandatory minimum sentence. (*See id.* at 9.) Yet, Cook was not sentenced to a mandatory minimum. Rather, the guideline sentencing range was 360 months to life, and the Court sentenced Cook to 292 months. (*See* PSR ¶¶ 46, 77; Doc. 775; *see also* Doc.

754.) And while the policy statement now provides that an "unusually long sentence" may serve as the basis for a sentence reduction in some circumstances, the Court finds the section does not apply here. Section 1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Here, there has been no change in the law that would apply to Cook's sentence such that there is any disparity between the sentence he is serving and one that would be imposed today. To the extent Cook relies on Amendment 821, the Court describes in the next section why that Amendment does not apply. Moreover, even if Cook identified such a change (which he has not), the Court reiterates its finding in the September 6, 2023 Memorandum Opinion and Order that the 18 U.S.C. § 3553(a) factors counsel against a sentence reduction. (*See* Doc. 806 at 6–7.)

Finally, Cook argues that the "sentencing disparity" between him and his co-defendant, who received 97 months' imprisonment, warrant a sentence reduction. (*See* Doc. 809 at 15–16.) The Court disagrees. Having reviewed the presentence reports and the relevant sentencing documents, it is clear to the Court that the sentences reflect the defendants' criminal history and the individual circumstances of their involvement in this case.

In sum, the Court finds that Cook has not established extraordinary and compelling circumstances sufficient to warrant a sentence reduction. Further, even if he had, I have considered the § 3553 factors and find that Cook's serious criminal history (including the 2004 murder in this case, convictions for drug offenses, arrests for battery, theft, and more) weigh against a sentence reduction. (*see* Doc. 806 at 6–7.) Accordingly, the Court will deny the motion for compassionate

4

release.

### B.     Cook is ineligible for a reduction under Amendment 821.

Cook is not eligible for a sentence reduction under Amendment 821. First, the United States acknowledges that the status points amendment in § 4A1.1(e) applies here. (*See* Doc. 811 at 9.) Cook was initially assessed 11 criminal history points, but two status points were added under § 4A1.1(d) because he committed the offense while under a criminal justice sentence. (*See* PSR ¶ 45.) With a total of 13 criminal history points, Cook's criminal history category was VI. (*Id.* ¶ 46.) If the Court applied the status point amendment and gave Cook only one additional status point instead of two for a total of 12 criminal history points, he would have a criminal history category of V. (*See* Doc. 811 at 9.) Regardless, his sentencing guideline range would be the same: 360 months to life. (*Id.*) *See also* U.S.S.G. Sent'g Table (Nov. 1, 2023). Because the status points amendment "does not have the effect of lowering [Cook's] applicable guideline range[,]" a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) . . . ." *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Atencio*, No. 13-CR-959 MV, 2024 WL 3901192, at *1 (D.N.M. Aug. 22, 2024) ("The district court does not have the power to modify a sentence pursuant to § 3582(c)(2) unless the defendant was sentenced based on a guidelines range lowered by a subsequent amendment to the Sentencing Guidelines.") (citing *United States v. McGee*, 615 F.3d 1287, 1291–92 (10th Cir. 2010)). The Court must dismiss in part Cook's motion on this basis.

Second, given that Cook was assessed 13 criminal history points, he is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821. (*See* PSR ¶ 45.)

The Court finds Cook is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motion on this issue.

**THEREFORE**,

**IT IS ORDERED** that Cook's Motion for Reduction in Sentence (Doc. 809) is **DENIED in part** and **DISMISSED in part** as outlined in this opinion.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE